COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-243-CR

 

 

MARK ANTHONY HERNANDEZ                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM THE 415TH
DISTRICT COURT OF PARKER COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

 








Appellant Mark Anthony Hernandez pleaded guilty
to aggravated sexual assault of a child, and the trial court sentenced him to
confinement for life.  In a single point,
Hernandez complains that his trial counsel was ineffective at the punishment
hearing.  Hernandez specifically points
to his counsel=s failure to investigate
Hernandez=s background and to offer
background mitigating evidence, failure to have Hernandez examined by a psychologist
or psychiatrist, and failure to assert hearsay objections to a videotape of one
of the complainants and to testimony from the complainants=
mother.  The State maintains, however,
that Hernandez cannot overcome the strong presumption that his trial counsel
rendered adequate assistance because Hernandez did not bring forward a record
supporting his claim of ineffective assistance. 

To establish ineffective assistance of counsel,
the appellant must show by a preponderance of the evidence that his counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s
deficiency, the result of the trial would have been different.  Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005); Mallett v. State, 65 S.W.3d 59, 62-63
(Tex. Crim. App. 2001); Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999); Hernandez v. State, 988 S.W.2d 770, 770 (Tex.
Crim. App. 1999). 








In evaluating the effectiveness of counsel under
the first prong, we look to the totality of the representation and the
particular circumstances of each case.  Thompson,
9 S.W.3d at 813.  The issue is whether
counsel's assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland, 466 U.S. at 688-89,
104 S. Ct. at 2065.  Review of counsel=s
representation is highly deferential, and the reviewing court indulges a strong
presumption that counsel=s conduct fell within a wide
range of reasonable representation.  Salinas,
163 S.W.3d at 740; Mallett, 65 S.W.3d at 63.  A reviewing court will rarely be in a
position on direct appeal to fairly evaluate the merits of an ineffective
assistance claim.  Thompson, 9
S.W.3d at 813-14.  AIn the
majority of cases, the record on direct appeal is undeveloped and cannot
adequately reflect the motives behind trial counsel=s
actions.@  Salinas, 163 S.W.3d at 740 (quoting Mallett,
65 S.W.3d at 63).  To overcome the
presumption of reasonable professional assistance, Aany
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.@  Salinas, 163 S.W.3d at 740 (quoting Thompson,
9 S.W.3d at 813).

A record affirmatively demonstrating the alleged
ineffectiveness may, however, be provided by a hearing on a motion for new
trial.  See Jones v. State, 133
S.W.3d 307, 312 (Tex. App.CFort
Worth 2004, no pet.).  When there is no
hearing on a motion for new trial or if counsel does not appear at such a
hearing, an affidavit from defense counsel becomes almost vital to the success
of a claim of ineffective assistance of counsel.  Howard v. State, 894 S.W.2d 104, 107
(Tex. App.CBeaumont 1995, pet. ref=d).








Here, Hernandez did not file a motion for new
trial, and the record is otherwise silent regarding the extent to which trial
counsel investigated Hernandez=s
background.  The record does not reflect
trial counsel=s reasoning and strategy for not
objecting to alleged hearsay or for presenting the only mitigating evidence he
chose to presentCthe testimony of Hernandez=s
parents.  Additionally, Hernandez does
not point to any specific additional mitigating evidence that his counsel could
have presented.  The record before us is
insufficient to rebut the presumption that Hernandez=s trial
counsel made reasonable decisions.  See
Thompson, 9 S.W.3d at 814.  The
record does not support Hernandez=s
contention that the complained of decisions and actions by his trial counsel
rendered his assistance ineffective at the punishment stage of trial.  We overrule Hernandez=s sole
point and affirm the trial court=s
judgment.

 

 

SUE
WALKER

JUSTICE

 

PANEL A:   CAYCE, C.J.; GARDNER and WALKER, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: March 9, 2006

 

 

 

 

 

 

 

 

 

 

 

 











[1]See Tex. R. App. P. 47.4.